IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER, | |
| Plaintiff, | 8:23CV420 |
| vs. | |
| MATTHEW KACSMARYK, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983 against United States District Judge Matthew Kacsmaryk. Filing No. 1 at 4. Plaintiff alleges that at some point during proceedings in federal court in Texas, Defendant told Plaintiff she was "rude in her words." Filing No. 1 at 4. Plaintiff alleges she has Tourette's syndrome, which causes her to speak loudly and rudely to protect herself. Filing No. 1 at 4. Plaintiff requests that Defendant order that Plaintiff receive a medical exam, reeducation, and costs associated with seeing a specialist in other states to help Plaintiff improve her usage of words. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a

complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed

liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. First, judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (internal citations omitted). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. Moreover, "a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 13 (internal quotation omitted). Plaintiff makes no factual allegations that Defendant acted improperly, let alone that his actions were taken in the complete absence of judicial

3

authority. Accordingly, Plaintiff's claims against Defendant, to the extent there are any, are subject to dismissal.

Second, the Complaint—even construed liberally—does not comply with the general rules of pleading. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. See *Iqbal*, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. See *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Plaintiff's allegations, such as they are, request a federal court from Nebraska to order a federal judge in Texas to provide medical care and treatment to Plaintiff. There is no legal or factual basis for such a claim.

The Court can identify no federal or state statutory or constitutional provision that would give rise to a plausible claim for relief against Defendant. Because Plaintiff's allegations are unintelligible and without a factual or legal basis, this action should be dismissed on initial review. See *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend her Complaint because such amendment would be futile. See *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th

Cir. 2013) ("frivolous claims are futile"); *Filipe v. FBI*, No. 8:18CV215, 2018 WL 11249338, at *1 (D. Neb. June 1, 2018) ("the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading").

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against the named Defendant. Amendment would be futile because Plaintiff has not identified any law that would give rise to a plausible claim for relief against Defendant. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e), and the Court will dismiss this matter without prejudice and without leave to amend.

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.
2. Judgment shall be entered by a separate document.

Dated this 9th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge